IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO RAFAEL R.A., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, GOLDEN STATE ANNEX, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-04072-MWJS <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 246-509-188 |

## __ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS__

Petitioner Mario Rafael R.A.[1] is an immigration detainee proceeding with a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, and a motion for a

Temporary Restraining Order, Dkt. No. 3.

Petitioner entered the United States without inspection on December 6, 2022, but

was encountered by immigration authorities shortly thereafter.  Rather than detain him,

however, the Department of Homeland Security formally paroled him into the United

States.  Dkt. No. 1-1.  This grant of parole reflected the government's judgment that

Petitioner was neither a flight risk nor a danger to the community.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*,
No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only
Petitioner's first name and the initials of his last name are used in this order.

In the three and a half years since his release on parole, Petitioner has complied with all conditions imposed by immigration authorities.  During this time, he has also obtained employment authorization and a driver's license.  Dkt. No. 1, at pg. 5.  The record reflects he has no criminal history.  In short, nothing in the record casts doubt upon the government's judgment, in 2022, that Petitioner's release on parole was warranted.

But Petitioner was nonetheless arrested in Oklahoma following a routine traffic stop and taken into immigration custody, where he has remained since.  He was transferred between various immigration detention facilities before arriving at his present location, Golden State Annex in McFarland, California.  *Id*.

Petitioner now invokes this court's habeas jurisdiction.  In Count 1 of his Petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id.* at pgs. 9-10.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*,  *J.E.R.M. v. Chestnut*, No. 1:26-CV-03049-MWJS, 2026 WL 1235223 (E.D. Cal. May 5, 2026); *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*,

2

No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 6. The court appreciates Respondents' timely and candid opposition. Dkt. No. 8. Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above. *Id*.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders. Given the foregoing, Petitioner's motion for a temporary restraining order, Dkt. No. 3, is DENIED AS MOOT.

Respondents are ORDERED to immediately release Petitioner Mario Rafael R.A. (A# 246-509-188) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

3

deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 3, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-04072-MWJS, *Mario Rafael R.A. v. Warden, Golden State Annex et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS